UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 11, 2019

LETTER TO THE PARTIES

      RE:    *Angela C. v. Commissioner, Social Security Administration*;[1]
             Civil No. SAG-18-642

Dear Plaintiff and Counsel:

      On March 5, 2018, Plaintiff Angela C., who appears *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the SSA's Motion for Summary Judgment, in addition to arguments made by Plaintiff's prior attorney during and following her administrative hearing.[2] ECF 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff filed her claims for benefits on June 26, 2015, alleging a disability onset date of May 28, 2015. Tr. 183-98. Her claims were denied initially and on reconsideration. Tr. 102-07, 111-14. A hearing, at which Plaintiff was represented by counsel, was held on July 14, 2017, before an Administrative Law Judge ("ALJ"). Tr. 29-51. Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 13-23. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

      The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease and remote history of right foot surgery with residual pain." Tr. 15. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] After the SSA filed its motion, the Clerk's Office sent a Rule 12/56 letter to Plaintiff, advising her of the potential consequences of failing to oppose the dispositive motion. ECF 20. Plaintiff did not file a response.

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. The claimant can never work at unprotected heights.

Tr. 16. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a driver/car jockey, and, alternatively, could perform other jobs existing in significant numbers in the national economy. Tr. 21-23. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 23.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). In particular, I have considered the letter Plaintiff's prior attorney sent to the Appeals Council requesting review of the ALJ's decision. Tr. 179-80. For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Plaintiff's favor at step one, and determined that she had not engaged in substantial gainful activity since her alleged onset date. Tr. 15; *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Plaintiff claimed prevented her from working. *See* Tr. 15-16; 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). After finding several of Plaintiff's impairments to be severe, Tr. 15-16, the ALJ continued with the sequential evaluation and considered, in assessing Plaintiff's RFC, the extent to which her impairments limited her ability to work.

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of any listings. Tr. 16. In particular, the ALJ identified and considered Listings 1.02 (major dysfunction of a joint), and 1.04 (disorders of the spine). Tr. 16. With respect to each listing, the ALJ cited to the evidence of record and explained that at least one criterion for the listing was not met. *Id.* I have carefully reviewed the record, and I agree that no listings are met in this case.

In considering Plaintiff's RFC, the ALJ summarized her subjective complaints from her hearing testimony as part of an extensive and detailed review of her medical records. Tr. 18-20. The ALJ noted, among other findings, that Plaintiff's activities of daily living, as determined by her own subjective statements, are inconsistent with a disabling level of impairments, Tr. 18, that Plaintiff had not exhausted the conservative treatment options recommended by medical professionals and had not pursued surgery, *id.*, and that physical examinations reflected only mild to moderate limitations, *id.* The ALJ reviewed the specific medical evidence supporting those assessments. Tr. 18-20. The ALJ then provided an extensive analysis of the medical opinion evidence from the consulting and non-examining medical sources, and assigned "great

weight" to the source opinions of the State agency physicians, while adding some additional limitations based on Plaintiff's testimony and recent examination records. Tr. 21.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, such as the evidence cited in the letter Plaintiff's counsel submitted, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and the evidence outlined above, I find that the ALJ supported his RFC determination with substantial evidence.

At steps four and five, relying on the VE's testimony, the ALJ determined that a person with Plaintiff's RFC would be capable of performing her past relevant work as a driver/car jockey. Tr. 21-22. Alternatively, in accordance with the VE's testimony, the ALJ determined that a person with Plaintiff's RFC could perform other jobs existing in significant numbers in the national economy, including housekeeper, packer, or inspector at the light exertional level. Tr. 22-23. Because the VE's testimony constitutes substantial evidence to support the conclusion, the ALJ's determination must be affirmed.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF 19, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge